Newman, Circuit Judge,
concurring in part, dissenting in part.
I agree that the Court of Federal Claims correctly sustained the holding of the Board for Correction of Naval Records (BCNR) that Mr. Kennedy is not required to reimburse the government for the tuition payments made to George Washington University on his behalf while he was enrolled in the Naval Reserve Officers Training Corps (NROTC), and that the reimbursement that he has paid should be returned.
However, I do not join the court’s decision ordering the BCNR, on constitutional and harmful error grounds, to conduct further review to “possibly” recommend “further relief,” Maj. Op. at 1384. Such possible relief is undefined, and the BCNR and the courts have responded to any justi-ciable issues raised by Mr. Kennedy. Mr. Kennedy is not entitled to receive from the government the tuition he paid before and after his period of enrollment in the NROTC program.
The decision to disenroll Mr. Kennedy from the NROTC program was a necessary consequence of his failure to complete the required Officer Candidate School program at Quantico. CNETIST 1553, 12G, ¶ 501(e). Mr. Kennedy did not request reversal of the Navy’s fitness-to-serve determination, which was endorsed by three levels of commanders at Quantico and made after a hearing before the Commanding Officer’s Board.[1] The courts lack competence to revisit that fitness-to-serve determination. See Gilligan v. Morgan, 413 U.S. 1, 10, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973) (“[I]t is difficult to conceive of an area of governmental activity in which the courts have less competence” than “decisions as to the composition, training, equipping, and control of a military force”).
The record documents instances of Mr. Kennedy’s mental instability, including expulsion from campus housing in November 2005 after an altercation with his roommate, an attempt to fling himself out of a window, and psychological counseling. J.A. 1131. At Officer Candidate School, the record documents several instances of Mr. Kennedy’s breaking into tears during training. Following reports by his platoon, company, and battalion commanders of emotional instability, Mr. Kennedy appeared before a Commanding Officer’s Board at Quantico on June 22, 2006. The record contains the handwritten notes of the Commanding Officer, including:
3) You have demonstrated you can’t remain calm. My question is, do I allow you to come back?
*1385 4) Candidate] isn’t having problems w/ OCS but w/ family
5) What is the issue?
6) Candidate] needs to work it out @ home
7) Can it be fixed?
8) Candidate] doesn’t know.
10) Ok then I’m going to Disenroll you & not allow you to reapply
J.A. 1139. The D.C. Circuit, considering a constitutional question raised by disenrollment from Officer Candidate School, stated that:
The district court properly granted summary judgment on appellant’s claim that his disenrollment from Officer Candidate School denied him due process because there is no property or liberty interest in a military promotion per se. Nor has appellant pointed to any statute or regulation limiting the Navy’s discretion to disenroll an OCS trainee,
Yamashita v. England, No. 02-5176, 2002 WL 31898182, at *1 (D.C. Cir. Dec. 23, 2002) (internal citations omitted).
Mr. Kennedy did not dispute his dismissal from Officer Candidate School, but now argues that he was denied due process in his dismissal from the NROTC program because he did not have the opportunity to appear before the Performance Review Board when it considered disenrollment. My colleagues hold that the disenrollment recommendation of the Performance Review Board, made in view of his discharge from Officer Candidate School without permission to reapply, since made without Mr. Kennedy’s presence, was harmful error warranting judicial intervention. The record shows that the disenrollment recommendation was adopted by the commanding officer of the NROTC, who made his own recommendations, which were then reviewed by the Chief of Naval Education and Training, then by the Naval Service Training Command, then by the Marine Corps Recruiting Command, then forwarded to the Assistant Secretary of the Navy for Manpower and Reserve Affairs. This court has recognized that “judicial deference to administrative decisions of fitness for duty of service members is and of right should be the norm.” Maier v. Orr, 754 F.2d 973, 984 (Fed. Cir. 1985).
The record also shows that Mr. Kennedy agreed that he was not then suited for Marine leadership. In his written response to the NROTC commanding officer’s disenrollment recommendation, Mr. Kennedy wrote:
I still want to serve my country, but I am unable due to lost mental stability, through no fault of my own, and thus my ability to serve my country.
J.A. 1154. Although Mr. Kennedy now requests that his Naval records be changed to show that he completed the full NROTC program, according to the record Mr. Kennedy did not request reinstatement in the NROTC, and the BCNR declined to change his Naval records. See Dodson v. United States, 988 F.2d 1199, 1204 (Fed. Cir. 1993) (“The military is entitled to substantial deference in the governance of its affairs.”).
Although my colleagues recognize that the decision of whether Mr. Kennedy “should be permitted to serve in the Marine Corps [is] solely within the province of the Navy,” Heisig v. United States, 719 F.2d 1153, 1156 (Fed. Cir. 1983), the court’s remand for the BCNR now to “hear the case Mr, Kennedy would have made to the PRB,” Maj. Op. at 1383, is on the premise that the Navy’s procedures that led to his disenrollment were subject to major flaw. I cannot agree. See Orloff v. Willoughby, 345 U.S. 83, 93, 73 S.Ct. 534, *1386 97 L.Ed. 842 (“[J]udges are not given the task of running the Army.”).
I discern no basis for further proceedings in the Court of Federal Claims and the Board for Correction of Naval Records. Thus I respectfully dissent from the court’s remand action.

. The Secretary of the Navy has delegated NROTC training to the Chief of Naval Education and Training (CNET). CNETINST 1553, 12G, ¶ 102(c). CNET delegates authority over Marine Corps Option scholarship students to the Marine Corps Recruiting Command (MCRC), CNETINST 1553, 12G, ¶ 502(a). All NROTC students must
undergo a 6-week training and evaluation period at Officer Candidate School, Marine Corps Combat Development Center, Quan-tico, Virginia. This requirement for completion of Marine Corps summer training will not be waived.
CNETIST 1553, 12G, 11502(c) (underline in original).